### JOHN D. CORDES, Curator, *v.* CHARLES CLARKE.

A Court of Probate may order the sequestration of papers belonging to a succession, administered under its authority, when unlawfully retained by a third person.

APPEAL from the Court of Probates for the parish of New Orleans, *Bermudez,* J.

*Eggleston,* for the appellant.

*E. L. Lewis,* for the plaintiff.

GARLAND, J.   The plaintiff avers that he is the curator of the vacant succession of Otto Tienken; that a short time after the death of the latter, the defendant took from a trunk which belonged to the deceased, various title papers, notes, receipts; and other do- cuments, which he retains and refuses to deliver to him.   It is further averred, that the documents and papers are necessary to enable the plaintiff to administer the succession, and to render his account thereof.   The documents were sequestered at the instance of the plaintiff.

The defendant excepted to the jurisdiction of the court, but his plea being overruled, he denied generally the allegations contained in the petition.   Judgment was rendered against him, and he appealed.

The plea to the jurisdiction of the Court of Probates is the only question upon which the opinion of this court is asked by the defendant, as on the trial he admitted that he had the papers in his possession.

We think the Probate Court did not err in maintaining its jurisdiction.   The article 1037 of the Code of Practice gives that court authority to issue writs of sequestration, and other process, for the purpose of enforcing its jurisdiction, and enabling those acting under its authority to perform the duties required by law; and among other purposes for which such writs may issue, one is 'to compel parties or other individuals to produce title deeds, papers, or other objects which may be in their possession.'   The petition does not set up any question of title to be decided by the court, but claims the production and delivery into court of documents and papers alleged to be necessary, important, and useful in the settlement of a succession, now in a course of administration.

Upon the merits, we see no error in the judgment.

*Judgment affirmed.*